UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luis Marquez,<br><br>            Plaintiff,<br><br>      v.<br><br>Carwood Center, LLC et al.,<br><br>            Defendants. | 2:20-cv-05948-VAP-JEMx<br><br>**Order DENYING Motion to Dismiss (Dkt. 14)** |

Before the Court is Defendant Carwood Center, LLC's ("Defendant") Motion to Dismiss Plaintiff Luis Marquez's ("Plaintiff") Complaint. (Dkt. 14, the "Motion"). After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court DENIES the Motion.

## I. BACKGROUND

Plaintiff is a paraplegic who requires a wheelchair for mobility. (Complaint, Dkt. 1 ("Compl."), ¶ 1). In December 2019, Plaintiff visited a restaurant whose business is open to the public. (*Id.*, ¶¶ 8-9). Plaintiff alleges that Defendant failed to maintain wheelchair accessible restrooms at the restaurant. (*Id.*, ¶ 10). According to Plaintiff, this barrier denied him full and equal access to the restaurant in violation of the Americans with Disabilities Act ("ADA"). (*Id.*).

On July 7, 2020, Plaintiff filed suit in this Court, bringing two causes of action for: (1) violation of the ADA, 42 U.S.C. §§ 12101 et seq.; and (2) violation of California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq. (*See* Compl.).

Defendant now moves to dismiss the Complaint, arguing that Plaintiff lacks standing to sue. (*See* Motion). The Court disagrees and therefore DENIES Defendant's Motion.

## II.    LEGAL STANDARD
### A.  Standing and Rule 12(b)(1)

A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The "irreducible constitutional minimum" of Article III standing has three elements: (1) "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted).

The plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. (*See id.* at 561). Article III standing bears on the court's subject matter jurisdiction and is therefore subject to

challenge under Federal Rule of Civil Procedure 12(b)(1).  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(1) provides for a party, by motion, to assert the defense of "lack of subject-matter jurisdiction."  This defense may be raised at any time, and the Court is obligated to address the issue sua sponte. *See* Fed. R. Civ. P. 12(h)(1) (providing for waiver of certain defenses but excluding lack of subject matter jurisdiction); *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment."); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine sua sponte whether it has subject matter jurisdiction.").  The plaintiff bears the burden of establishing that subject matter jurisdiction exists.  *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).  If the Court finds that it lacks subject matter jurisdiction at any time, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) jurisdictional attack may be facial or factual.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial attack, as here, the challenging party asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  (*See id.*).

## III. DISCUSSION

Defendant argues that the Court should dismiss Plaintiff's complaint for lack of standing under Rule 12(b)(1), and/or, for failure to state a claim under Rule 12(b)(6). (*See* Motion). While it is not entirely clear from Defendant's Motion, the Court construes these arguments as a facial Rule 12(b)(1) challenge.

### A. Standing to Pursue ADA Claim

In order to pursue injunctive relief, as Plaintiff seeks under the ADA, he must establish the elements of Article III standing and demonstrate a "real and imminent threat of repeated injury" in the future. *See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

There are two ways to allege Article III standing to pursue injunctive relief regarding discriminatory barriers under the ADA: (1) by "[d]emonstrating an intent to return to a noncompliant accommodation," and (2) if a disabled person is "deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). "[A] plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation," and this is because "a plaintiff who is deterred from patronizing a store suffers the ongoing 'actual injury' of lack of access to the store." (*Id.* at 950).

Here, the complaint alleges:

> Plaintiff will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

(Compl., ¶ 17). Defendant argues that the Complaint's allegations alone are insufficient to establish deterrence because the Complaint is silent as to any particular facts or reasons why or how Plaintiff is deterred, and that Plaintiff "does not allege that [the restaurant] is close to his home, or if it is not, facts showing he has an intent to return to the Lakewood area and a preference to patronize [the restaurant]." (Motion, at 16).

Nevertheless, Defendant does not point to any authority suggesting that this is the proper burden required to demonstrate standing at the pleading stage. At the motion to dismiss stage, the Court takes all factual allegations as true. Since elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of

evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

Thus, at the pleading stage in an ADA accessibility case, a plaintiff need only allege that the "plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers." *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009); *see also Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1100 (9th Cir. 2017) ("[O]nce a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury. The injury continues so long as equivalent access is denied."); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838-839, 841 (9th Cir. 2007*)*; *Arroyo v. Two Unoil, LLC*, No. CV 19-2769 PSG (JEMx), 2019 WL 6792804, at *3 (C.D. Cal. Aug. 7, 2019); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (assessing sufficiency of standing at summary judgment stage); *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015) (same).

Plaintiff has done that here by alleging that he personally encountered barriers at Defendant's restaurant, is deterred from returning to the restaurant because of such barriers, and intends to return once the restaurant is accessible. (*See* Compl., ¶ 17). This is sufficient at the pleading stage.[1]

---

[1] Defendant also argues, although unclear, that the Court should dismiss Plaintiff's Complaint because Plaintiff fails to allege that Defendant owns the restaurant. (Dkt. 14, at 14). Defendant fails to cite to any authority suggesting that this alleged failure warrants dismissal.

### B. Plaintiff's State Law Claim

The Complaint filed in this action asserts a claim under California's Unruh Civil Rights Act claim. (*See* Compl.). Because the Court possesses only supplemental jurisdiction over the Unruh Act and any other state law claims, and in light of California's statutory efforts to curtail such claims, the Court ordered Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act and any other state law claims asserted in the Complaint. *See* 28 U.S.C. § 1367(c). The Court has reviewed the Response filed by Plaintiff, and the Court, in its discretion, declines to exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c)(4).

District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997). The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (*Id.* (quoting *Carne-gie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). Declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity.

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio (America) Corp.*, CV 3:18-1840 CAB (MDDx), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

When California continued to experience large numbers of these actions, the state imposed additional limitations on "high-frequency litigants." These additional restrictions became effective on October 15, 2015. Under California law, a "high-frequency litigant" is defined as: "A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1). Attorneys may also fall within the definition of "high-frequency litigants." (*See id.* § 425.55(b)(2)).

In response to these "special and unique circumstances," Cal. Civ. Proc. Code § 425.55(3), California imposed a "high-frequency litigant fee" requiring high-frequency litigants to pay a $1,000 filing fee at the time of the filing of the initial complaint in addition to the standard filing fees. Cal. Gov't

Code § 70616.5.  California law also requires complaints filed by high-frequency litigants to allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims filed by the high-frequency litigant in the preceding 12 months, the high-frequency litigant plaintiff's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant plaintiff desired to access the defendant's business.  *See* Cal. Civ. Proc. Code § 425.50(a)(4)(A).  California's heightened pleading standards and increased filing fees do not apply in federal court, so plaintiffs can circumvent the restrictions California has imposed on Unruh Act and others alleging construction-related accessibility claims simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when they combine construction related accessibility claims with an ADA claim for injunctive relief.

Attorney Russell C. Handy of Center for Disability Access is a high-frequency litigant, having filed "10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation."  Cal. Civ. Proc. Code § 425.55(b)(1).  "[T]he Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements.  Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim."  *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017).

9

The Court concludes "exceptional circumstances" and "compelling reasons" support the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4). The Court therefore DISMISSES Plaintiff's Unruh Act claim without prejudice to him refiling the claim before the California Superior Court.

**C.     Plaintiff's Request to Certify Constitutional Question**

In their Response to the Court's Order to Show Cause, Plaintiff, represented by the Center for Disability Access, seek certification of a constitutional challenge to California's high-frequency litigant statute pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1.  According to Plaintiff, the Court's discretionary decision to decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim burdens plaintiff's First Amendment, due process, and equal protection rights, and presents an "as applied" or "on its face" challenge to the high-frequency litigant statute or draws into question the constitutionality of California's statutory scheme. Pursuant to 28 U.S.C. § 2403(b):

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.  The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent

> necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b). Federal Rule of Civil Procedure 5.1 implements 28 U.S.C. § 2403, and requires a party "that files a pleading, written motion, or other paper drawing into question the constitutionality of a . . . state statute" to promptly file a Notice of Constitutional Question. Fed. R. Civ. P. 5.1(a). Plaintiff has filed such a Notice of Constitutional Question. Once a party has filed a Notice of Constitutional Question, the Court "must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b).

Contrary to Plaintiff's assertion, the Court's supplemental jurisdiction analysis does not "call[] into question" the constitutionality of California's high-frequency litigant statute on an "as applied" or any other basis. In declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claim, this Court is not applying the procedures California has adopted for the construction-related accessibility claims of high-frequency litigants. Indeed, the Court's recognition that it does not apply the procedures that California has adopted for high-frequency litigants, and that this difference in procedures is a basis for the Court to decline to exercise supplemental jurisdiction over plaintiff's state law claim, is an application of 28 U.S.C. § 1367(c)(4), not the California Civil Procedure Code, and does not "draw into question" the constitutionality of the California statute. As the Ninth Circuit has explained:

> Though the Supreme Court authority interpreting the phrase "drawn into question" is not of recent vintage, it is clear:

11

> The validity of a statute is not drawn in question every time rights claimed under such statute are controverted, nor is the validity of an authority, every time an act done by such authority is disputed. The validity of a statute or the validity of an authority is drawn in question when the existence, or constitutionality, or legality of such statue or authority is denied, and the denial forms the subject of direct inquiry.

*Peruta v. County of San Diego*, 771 F.3d 570, 575 (9th Cir. 2014), *rev'd en banc*, 824 F.3d 919 (9th Cir. 2016) (quoting *United States v. Lynch*, 137 U.S. 280, 285, 11 S. Ct. 114, 116, 34 L. Ed. 700 (1890)).

Because this Court is not applying California's procedures for high-frequency litigants, the Court's discretionary decision to decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim does not "form[] the subject of direct inquiry" it therefore does not "draw into question" California's procedural rules. *See id.* ("Thus '[d]rawing into question the validity of a statue' requires more than 'the mere objection to an exercise of authority under a statute, whose validity is not attacked.'") (quoting *Jett Bros. Distilling Co. v. City of Carrollton*, 252 U.S. 1, 6, 40 S. Ct. 255, 256, 64 L. Ed. 421 (1920). Moreover, as the Court has already explained, plaintiff's ADA claim remains pending in this Court and is free to pursue his Unruh Act claim in state court. Plaintiff has not suffered a deprivation of his rights under the First Amendment, the Due Process Clause, or the Equal Protection Clause. Plaintiff's filing simply does not "draw into question" the constitutionality of California's high-frequency litigant procedures. As a result, the Court rejects plaintiff's invocation of 28 U.S.C. § 2403(b) and

Federal Rule of Civil Procedure 5.1. The Court therefore denies plaintiff's request to certify a constitutional question to California's Attorney General.

### IV. CONCLUSION

The Court therefore DENIES Defendant's Motion to Dismiss and DISMISSES Plaintiff's Unruh Act claim.

**IT IS SO ORDERED.**

Dated: 10/19/20

Virginia A. Phillips
United States District Judge