UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-05948-VAP-JEMx | Date | July 27, 2021 |
|---|---|---|---|
| Title | Luis Marquez v. Carwood Center, LLC et al | | |

Present: The Honorable    VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (IN CHAMBERS)

On June 28, 2021 Defendant Carwood Center LLC filed a Motion for Summary Judgment. (Mot., Dkt. 37.)  Plaintiff filed a Response to the Motion on June 30, 2021. (Response, Dkt. 39.)  The Court finds this matter appropriate for resolution without hearing pursuant to Local Rule 7-15.  Having considered all papers filed in connection with this Motion, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff is a paraplegic who uses a wheelchair for mobility.  (Compl., Dkt. 1 ¶ 1.) Plaintiff alleges that Defendant owns real property located at 4212 Woodruff Avenue, Lakewood, California.  (*Id.* ¶ 3.)  In December 2019, Plaintiff visited a restaurant business located at the property.  (*Id.* ¶ 8.)  Plaintiff contends that on the date of his visit, he encountered barriers to access, including a lack of wheelchair accessible restrooms. (*Id.* ¶ 10.)  Plaintiff accordingly brought suit against Defendant alleging claims under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act").  (*See generally*, *id.*)

As the Court previously dismissed Plaintiff's Unruh Act claim, only Plaintiff's ADA claim for injunctive relief remains. (*See* Dkt. 22.) Defendant now moves for summary judgment on the ground that the barriers alleged in the Complaint have been remedied, and Plaintiff's ADA claim is accordingly moot. (*See* Mot.)

## II.   LEGAL STANDARD

A motion for summary judgment or partial summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998). "The moving party may produce evidence negating an essential element of the nonmoving party's case, or . . . show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000) (reconciling *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). The nonmoving party must then "do more than simply show that there is some metaphysical doubt as to the material facts" but must show specific facts which raise a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III.   DISCUSSION

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001) (internal quotation marks and citation omitted). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralph's Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (citations omitted). Here, the parties agree that Plaintiff's claim is moot because Defendant has eliminated the barriers at its property. (*See* Response at 6 ("Plaintiff does not oppose Defendant's motion on the grounds that Plaintiff's ADA claims are now moot because the barriers were removed after this lawsuit was filed.").) Defendant provides supporting evidence, including photographs and measurements, demonstrating that the violations have been remedied. (*See* Dkt. 37 at 15, 22–35.)

For these reasons, the Court finds Plaintiff's ADA claim moot. *See*, *e.g.*, *Marquez v. Ralphs Grocery Co.*, No. 819CV01300-JLS-DFMx, 2020 WL 8028235, at *2 (C.D. Cal. Nov. 25, 2020) (granting defendant's motion for summary judgment on mootness

grounds where the alleged ADA violations were remedied). The Court accordingly GRANTS Defendant's Motion.

## IV. CONCLUSION

Defendant's Motion is GRANTED. The Court will issue a final judgment concurrently.

**IT IS SO ORDERED.**